IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT MOORE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:11-cv-00560 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRYAN WATSON, | ) | By:  Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Jeffrey Scott Moore, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Pittsylvania County Circuit Court.  The court finds that Moore has failed to fully exhaust his state court remedies before filing this federal habeas petition and, therefore, dismisses his petition without prejudice.

I.

On January 17, 2008, after a jury trial in the Pittsylvania County Circuit Court, the court convicted Moore of forcible sodomy and nine counts of object sexual penetration.  Moore appealed and the Court of Appeals of Virginia denied his appeal on July 18, 2008.  Moore did not file an appeal to the Supreme Court of Virginia.  Moore filed a state habeas petition in the Pittsylvania County Circuit Court on August 2, 2011 which the court denied on October 14, 2011.  State court online records confirm that Moore did not appeal the denial of his state habeas petition to the Supreme Court of Virginia.

II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973).  If the petitioner has failed to exhaust state court remedies, the federal court

must dismiss the petition.  Slayton v. Smith, 404 U.S. 53 (1971).  In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims.  See Va. Code § 8.01-654.  In this case, it is clear that Moore has yet to pursue his ineffective assistance of counsel claim in the Supreme Court of Virginia.  Accordingly, the court finds that Moore's petition is unexhausted.

### III.

Based on the foregoing, the court dismisses Moore's instant habeas petition, without prejudice, as unexhausted.[1]

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER**:  This 30th day of November, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, it appears Moore's petition is untimely filed.